[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On July 17, 1998, Robert E. Perdue filed a complaint for conversion against Charles W. Isaly, Elizabeth Tanks and Darvin Sweeten. Sweeten was dismissed from the action. Isaly filed an answer and a counterclaim, requesting that the trial court hold Perdue in contempt and impose sanctions against Perdue for "frivilous, bad faith and vexatious" conduct pursuant to Civ.R. 11 and R.C. 2323.51. Isaly also filed a motion for summary judgment on the allegations of Perdue's complaint, which the trial court granted. Subsequently, Tanks filed a Civ.R. 12(B)(6) motion to dismiss the complaint, which the trial court converted to a Civ.R. 56(C) motion for summary judgment and then granted. None of the judgment entries contained a certification pursuant to Civ.R. 54(B). Perdue has appealed. Isaly has filed a motion requesting that this court dismiss him as an appellee on the grounds that Perdue's appeal relates only to Tanks.
Section 3(B)(2), Article IV of the Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." R.C.2505.03(A) limits the jurisdiction of courts of appeals to the review of "final orders, judgments or decrees." R.C. 2505.02 defines a "final order," in relevant part, as "an order which in effect determines the action and prevents a judgment." See MRK Enterprises, Inc. v. Rochester
(Aug. 11, 2000), Hamilton App. No. C-990819, unreported; Lassiter v.Oakley-Everson (Sept. 24, 1999), Hamilton App. No. C-980983, unreported.
When, as here, an action involves multiple claims and multiple parties, Civ.R. 54(B) authorizes the trial court to do the following:
 * * * enter final judgment as to one or more but fewer than all of the claims or parties[, but] only upon the express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Id.
The entry granting summary judgment in favor of Isaly did not address the counterclaim asserted by Isaly against Perdue. Although the entry "affected a substantial right," it did not "in effect determine the action and prevent a judgment" as to Isaly's counterclaim. Therefore, the entry was not a final order as to Isaly.
The trial court granted summary judgment in favor of Tanks on all of Perdue's claims against her. The entry "affected a substantial right" and "in effect determined the action and prevented an judgment" as to Tanks. Therefore, the entry was a final order as to Tanks. But the entry adjudicated fewer than all the claims and the rights and liabilities of fewer than all the parties to the action. The trial court did not include in the entry an express determination that there was no just reason for delay. In the absence of Civ.R. 54(B) certification, the entry granting summary judgment in favor of Tanks was not an appealable order.
Because the record does not contain a final appealable order, we are without jurisdiction to entertain Perdue's appeal. Therefore, the appeal is dismissed sua sponte. Since we have dismissed Perdue's appeal, Isaly's motion requesting that this court dismiss him as an appellee has been rendered moot.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.